UNITED STATES DISTRICT COURT
FILED
AUG 1 3 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

CHRISTOPHER RANKIN,

Defendant.

26-~~CR~~-MJ-5234

## PLEA AGREEMENT

The defendant, CHRISTOPHER RANKIN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to a one count Misdemeanor Information which charges a violation of Title 18, United States Code, Sections 1030(a)(5)(C) and 1030(c)(4)(G) (transmitting a program, information, code, or command to a protected computer and causing damage), for which the maximum possible sentence is a term of imprisonment of 1 year, a fine of $100,000, a mandatory $25 special assessment and a term of supervised release of up to 1 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 1 year, without credit for

time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

(1) Without authorization, the defendant accessed a protected computer;

(2) The defendant accessed the computer knowingly and intentionally;

(3) As a result of that unauthorized accessing of the computer, the defendant caused damage and loss.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. In or around July 2021, the defendant, CHRISTOPHER RANKIN, was hired by Company 1, which was located in Niagara Falls, New York, in the Western District of New York. Company 1 was a bitcoin miner. Bitcoin mining is the process of validating bitcoin transaction information on the ledger of transactions on which bitcoin is based.

b. Company 1 connected to mining pools. A mining pool consists of multiple miners who combine their computing power and split the resulting profits. The computers used by Company 1's mining operation operate in interstate and foreign commerce and are therefore "protected computers."

c. The defendant accessed, without authorization, 100 computers used by Company 1 to mine bitcoin. The defendant manually reset those computers to direct them to a mining pool that the defendant had created (hereinafter, "Fraudulent Mining Pool"). The defendant then

sent bitcoin from the Fraudulent Mining Pool to bitcoin wallets controlled by the defendant.

d. In the course of committing the conduct described above, the defendant put the computers described in Paragraph 4(c) in "high-performance" mode, which caused damage to the computers by severely limiting their lifespan, thereby impairing the integrity and availability of information contained on those computers.

e. The defendant engaged in the above-described conduct between on or about August 23, 2021, and on or about September 16, 2021. During that time period, the defendant caused loss to Company 1 of 1.06683386 BTC bitcoin. At the time of the conduct described above, the average daily close price of the bitcoin stolen by the defendant was $53,315.75.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2B1.1(a)(2) applies to the offense of conviction and provides for a base offense level of 6.

### SPECIFIC OFFENSE CHARACTERISTICS U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristic does apply:

a. § 2B1.1(b)(1)(E): the total loss (including relevant conduct) was in excess of $40,000 (namely, $53,315.75) and thus there is a six-level increase.

## ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 12.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 10.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of 10 and criminal history category of I, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of **6 to 12** months, a fine of $4,000 to $40,000, and a period of supervised release of 1 year.

Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement, and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further

agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. IMMIGRATION CONSEQUENCES

16. The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

17. The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives

any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

18. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

20. The defendant understands, and the parties agree, that an offense listed under Title 18, United States Code, Section 3663A(c)(1) gave rise to this plea agreement, and therefore the Court must require restitution. The parties agree that restitution will be handled as follows: (1) the approximate sum of .49086456 BTC on deposit within or associated with an account at Coinbase with User ID 591346490c80e2015865fe6b ("the Bitcoin") will be the subject of a Petition for Remission to be submitted by the victim, Hut 8, as owner of the Bitcoin; and (2) the Court shall require restitution in the ~~remaining amount~~ loss amount of $69,638.29 to be paid to the victim, Hut 8, as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

21. The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under Title 18, United States Code, Section 3664(d)(5) if the victim's losses are not ascertainable prior to sentencing.

22. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees to make complete financial disclosure to the government by truthfully executing a sworn financial statement by the deadline set by the government, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to

authorize the release of all financial information requested by the government, including, but not limited to, executing authorization forms for the government to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the government relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

23. The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be: (i) subject to immediate enforcement as provided for in Title 18, United States Code, Section 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

24. Under the TOP program, the Department of the Treasury will reduce or withhold any of the defendant's eligible Federal payments by the amount of the defendant's debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code. The government hereby provides the defendant with notice that 60 days after sentencing, unless the monetary judgment(s) ordered by the Court is (are) paid in full immediately after sentencing, the government will refer the outstanding monetary judgment to TOP for the offset of any pending federal payments, and the defendant agrees not to object or contest any such action by the government and waives any further notice.

25. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the government to enforce the judgment. Further, the defendant agrees not to challenge or dispute any efforts by the government to enforce collection of any monetary penalties ordered by the Court.

26. The defendant understands and agrees that under Title 18, United States Code, Section 3664(m), the government may use all available and reasonable means to collect restitution, and pursuant to Title 18, United States Code, Section 3664(n), if the defendant is ordered to pay restitution, or pay a fine, and receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, the defendant shall be required to apply the value of such resources to any restitution or fine still owed without objection.

27. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the government and/or agencies thereof.

28. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

29. The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under United States Sentencing Guidelines §3E1.1.

## VIII. APPEAL RIGHTS

30. The defendant knowingly waives the right to appeal and collaterally attack the defendant's conviction in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction(s) based on: (1) any non-jurisdictional defects in the proceedings prior to entry of this plea; (2) a claim that the statute(s) to which the defendant is pleading guilty is (are)

unconstitutional, (except in the event that, in the future, the Supreme Court finds the statute in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statute(s) to which the defendant is pleading guilty.

31. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack, in any proceeding, including but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment of ~~8~~ 6 to 12 months, a fine of $4,000 to $40,000, and a period of supervised release of up to 1 year, notwithstanding the manner in which the Court determines the sentence. The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did not object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VI of this agreement.

32. The defendant understands that, pursuant to this plea agreement, the government has agreed not to charge the defendant with violations of Title, 18, United States

Code, Sections 1030(a)(5)(A) and 1030(c)(4)(B)(i) and 1030(c)(4)(A)(i)(I), for which the maximum possible penalty is a term of imprisonment of 10 years

33. The defendant understands that by agreeing not to collaterally attack the conviction(s) or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the right to challenge the conviction or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

34. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of ~~8~~ 6 to12 months, a fine of $4,000 to $40,000, and a period of supervised release of 1 year, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

35. By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material, (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

36. Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

## FORFEITURE PROVISIONS

37. As a condition of the plea, the defendant agrees to forfeit all of the defendant's right, title, and interest to any and all properties which are subject to forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i)(1), which is in the possession and control of the defendant or the defendant's nominees. That property includes (the "Subject Bitcoin"):

a. The approximate sum of .49086456 BTC on deposit within or associated with account at Coinbase with User ID 591346490c80e2015865fe6b).

38. The defendant also agrees that the Subject Bitcoin is properly forfeitable to the government pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i)(1) and/or Title 21, United States Code, Section 853(p). The defendant agrees that the conditions of Title 21, United States Code, Section 853(p) have been satisfied, and thus the government has the right to seek forfeiture of substitute assets of the defendant pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e)(1)(B).

39. The defendant agrees to take whatever steps are necessary to fully assist the government in its efforts to forfeit any and all property, including but not limited to, execution

of any documents that the government deems necessary to transfer the defendant's interest and title in the Subject Bitcoin to the government.

40. After the entry of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant agrees to the entry of a Preliminary Order of Forfeiture and a Final Order of Forfeiture forfeiting the Subject Bitcoin. The defendant further agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall: (a) issue and become final as to the defendant prior to sentencing; (b) be made part of the defendant's sentence; and (c) be included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

41. The defendant knowingly and voluntarily waives the defendant's right to any required notice in Rules 11(b)(1)(J), 32.2 and 43(a) and Title 18, United States Code, Section 983, including notice set forth in an indictment, information or administrative notice, the Court's advisement of any applicable forfeiture during the plea hearing, notice of the entry of the Preliminary Order of Forfeiture, the oral announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

42. The defendant knowingly, intelligently, and voluntarily waives any right to a jury trial on the forfeiture of the Subject Bitcoin. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the Subject Bitcoin in any proceeding, including any defenses based on a claim of double jeopardy, whether constitutional or statutory, as to this proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the United States Constitution, any

applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

43. The defendant acknowledges and understands that the forfeiture of property is (a) part of sentencing; (b) shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes or any other penalty imposed by the Court; and (c) shall survive bankruptcy. The defendant understands that Hut 8, as the owner of the Subject Bitcoin will submit a Petition for Remission requesting that the Subject Bitcoin be remitted or restored them. However it is understood by the defendant that the government will recommend to the Attorney General that the Subject Bitcoin be remitted or restored to the victim of the offense, Hut 8, as the owner of the Bitcoin, pursuant to Title 18, United States Code, Section 981(e), 28 C.F.R. Pt. 9, and other applicable law, it being understood that the United Attorney's Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

44. The defendant understands that one factor that will be considered by the government, is whether the defendant has any assets, not forfeited pursuant to this plea agreement, available to him that can be utilized to pay the restitution judgment, and the defendant shall have no recourse in the event the restoration request is denied.

45. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the Subject Bitcoin in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the

filing of any claim or petition seeking remission or contesting the forfeiture of the Subject Bitcoin in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if any third party files a claim to the Subject Bitcoin, the defendant will assist the government in defending such claim.

46. The defendant agrees to unconditionally release and hold harmless the government, the United States Secret Service, its officers, employees, and agents, from any and all claims, demands, damages, causes of action, or suits, of whatever kind, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure, the detention, restraint, forfeiture and/or disposition of the Subject Bitcoin.

47. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment, and disposition of the Subject Bitcoin survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement.

48. The defendant agrees that if, for any reason, in any pleadings before the Court and orders issued by the Court, including but not limited to, the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case, or includes a clerical error, the defendant will consent and not oppose any effort by the government to amend, correct, or add to the description/list of items

subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees, in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

## TOTAL AGREEMENT AND AFFIRMATIONS

49. This plea agreement represents the total agreement between the defendant, CHRISTOPHER RANKIN, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: ______________________________
CHARLES M. KRULY
Assistant United States Attorney

Dated August 13, 2026

I have read this agreement, which consists of pages 1 through 19. I have had a full opportunity to discuss this agreement with my attorney, Daniel DuBois, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

CHRISTOPHER RANKIN
Defendant

Dated: August 13, 2026

DANIEL DUBOIS, ESQ.
Attorney for the Defendant

Dated: August 13, 2026